United States District Court
Southern District of Texas

**ENTERED**

March 27, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOHNNY LEE DAVIS, §
§
Petitioner, §
§
V. § CIVIL ACTION NO. 2:25-CV-00068
§
ERIC GUERRERO, §
§
Respondent. §

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R"). (D.E. 21). The M&R recommends that the Court grant Respondent's motion for summary judgment, (D.E. 15), dismiss Petitioner's Petition for Habeas Corpus, (D.E. 1), and deny Petitioner a certificate of appealability. (D.E. 21, p. 1, 13). Petitioner filed written objections. (D.E. 22). After review, the Court **OVERRULES** Petitioner's objections, (D.E. 22), and **ADOPTS** the M&R in its entirety, (D.E. 21). Accordingly, the Court **GRANTS** Respondent's motion for summary judgment, (D.E. 15), and **DISMISSES** the petition, (D.E. 1).

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). "Frivolous, conclusive or general objections need not be considered by the district

court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc) (*overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc)) (*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)). When a party raises a new argument in his objections that was not first presented to the magistrate judge, it is not properly before the Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Moreover, "[o]bjections that merely re-urge arguments contained in the original briefing are not proper and will not be considered." *Neisen v. Nueces Cnty.*, No. 2:24-CV-00088, 2025 WL 1111549, at *1 (S.D. Tex. Apr. 15, 2025) (Morales, J.) (citing *Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

## II. Analysis

Petitioner raises several arguments in his written objections to the M&R. (D.E. 22). The Court construes Petitioner's arguments as raising several distinct objections. The Court addresses each in turn.[1]

First, Petitioner objects to the M&R's statement that "Petitioner fails to identify any due process violations and Petitioner is instead asking this Court to reconsider the parole board's decision to deny him release to mandatory supervision." (D.E. 22, p. 1) (citing D.E. 21, p. 9). Petitioner objects to this statement, arguing that "[t]here [are] genuine issues of disputed facts," and that Petitioner "can mount a due process challenge to the procedures used by the Texas Parole Board in considering whether to release him to mandatory supervision." *Id.* (citation omitted).

Although Petitioner is correct that he is permitted to raise a due process challenge to the parole board's process, his objection misunderstands the M&R's statement. The M&R was not saying that Petitioner cannot raise a due process challenge; rather, the M&R concluded that

---

[1] As to any objection not explicitly discussed below, the Court **OVERRRULES** it as lacking sufficient particularity. *Pelko*, 2024 WL 1972896, at *1.

Petitioner's arguments were effectively challenging the parole board's ultimate decision under the guise of due process. (D.E. 21, p. 6–9). And, as the Court's rulings on Petitioner's later objections reaffirm, the M&R did not err in this finding. The Court therefore **OVERRULES** Petitioner's first objection.

Second, Petitioner appears to object to the M&R on the grounds that the parole board failed to sufficiently describe the basis of its decision denying Petitioner mandatory supervision. *Id.* at 2. This objection fails. As the M&R correctly found, the parole board gave Petitioner a timely notice listing the reasons for his denial and stating the month and year Petitioner would next be considered for release. (D.E. 21, p. 8–9); (D.E. 1-3, p. 10). That is sufficient to satisfy due process. *Boss v. Quarterman*, 552 F.3d 425, 428–29 (5th Cir. 2008) (explaining that due process does not require a parole board to provide a summary of evidence on which it based its decision). The Court therefore **OVERRULES** Petitioner's second objection.

Third, Petitioner objects that the reasons for the parole board's denial were "fabricated, completely made-up, false excuses, that are arbitrary and capricious, used by the board, which violates due process [Petitioner] is entitled to under the 14th [Amendment] due process clause." (D.E. 22, p. 3). He references exhibits which allegedly show that the parole board cannot assess his dangerousness and that he was denied certain rehabilitative opportunities. *Id.* He then argues that his good time in prison "prov[es] Petitioner has been a law abiding citizen and his release will not endanger the public." *Id.* at 4.

Rather than pointing out a constitutional violation in the parole board's process, these arguments amount to a disagreement with the parole board's ultimate decision. As the M&R rightfully pointed out, (D.E. 21, p. 9), the parole board was not required to "specify the particular 'evidence' in the inmate's file" which it used to deny mandatory supervision, *Greenholtz v. Inmates*

*of Neb. Penal and Correctional Complex*, 442 U.S. 1, 15 (1979), and there is nothing in the record to suggest that the parole board fabricated any evidence here. Furthermore, Petitioner's references to exhibits and his good time credits go to the underlying merits of the parole board's decision, not any potential due process violation. In short, the M&R correctly concluded that Petitioner "received all the due process to which he was entitled." (D.E. 21, p. 9) (citation omitted). The Court therefore **OVERRULES** Petitioner's third objection.

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Petitioner's objections, (D.E. 22), and **ADOPTS** the M&R in its entirety, (D.E. 21). The Court therefore **GRANTS** Respondent's motion for summary judgment, (D.E. 15), **DISMISSES** Petitioner's petition, (D.E. 1), and **DENIES** Petitioner a certificate of appealability. The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
      March 27, 2026

4/4